# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

ANGELO FEARS,

                Petitioner,          :     Case No. 2:17-cv-029

   - vs -                               District Judge Michael R. Barrett
                                        Magistrate Judge Michael R. Merz

CHARLOTTE JENKINS, Warden,

                                     :
                Respondent.

# MEMORANDUM REGARDING PETITIONER'S OBJECTIONS TO TRANSFER ORDER

This capital habeas corpus case was filed January 11, 2017, to raise Grounds for Relief purportedly arising under *Hurst v. Florida*, 577 U.S. ___, 136 S. Ct. 616, 193 L. Ed. 2d 504 (2016) (ECF No. 1, PageID 3-4). Because *Hurst* was decided January 12, 2016, the Petition was filed on the last day before the one-year statute of limitations would have expired. Upon the initial review required by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), the Magistrate Judge determined the Petition was second or successive and transferred it to the Sixth Circuit for a determination of whether Petitioner can proceed (Transfer Order, ECF No. 6). Petitioner now objects to the Transfer Order (Objections, ECF No. 7).

**Objection to Magistrate Judge Authority**

Fears' first objection is that the Transfer Order "should be construed by this Court as a Report and Recommendation" and reviewed *de novo* under the standards for District Judge review of a report and recommendation. *Id.* at PageID 92-93. Petitioner's theory is that a transfer is equivalent to a dismissal for lack of jurisdiction and therefore dispositive.

The categories of dispositive motions on which magistrate judges must make recommendations rather than decisions was delineated first by Congress in the Magistrates Act, now codified at 28 U.S.C. § 636(b)(1)(A). The Sixth Circuit has from time to time expanded the list by analogizing other matters to the statutory categories including Rule 11 claims for damages, *Bennett v. General Caster Service of N. Gordon Co., Inc.*, 976 F.2d 995 (6th Cir. 1992)(*per curiam*); denial of *in forma pauperis* motions, *Woods v. Dahlberg*, 894 F.2d 187 (6th Cir. 1990)(*per curiam*); a Rule 37 order striking pleadings with prejudice, *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1463 (10th Cir. 1988), cited approvingly in *Bennett;* or a remand order, *Vogel v. U.S. Office Products Co.*, 258 F.3d 509 (6th Cir. 2001).

The Sixth Circuit has never held a transfer order under the AEDPA to be dispositive, either by analogy to dismissal for lack of jurisdiction or for any other reason. On the contrary, that Court has routinely accepted transfer orders filed by the undersigned without any suggestion that the matter was dispositive. In fact that has occurred in a published opinion in the capital case in which the Sixth Circuit held the district court must decide in the first instance whether a petition or § 2255 motion is second or successive. *In re Smith*, 690 F.3d 809 (6th Cir. 2012); *see also*, *In re Sheppard*, 2012 U.S. App. LEXIS 13709 (6th Cir. May 25, 2012). As recently as

2

January 6, 2017, the Circuit Court decided the merits of a transfer order by the undersigned without questioning whether there the transfer was jurisdictionally appropriate. *In re: Cedric E. Powell*, Case No.16-3556 (6th Cir. Jan. 6, 2017)(unreported; copy at ECF No. 6 in S.D. Ohio Case No. 3:16-cv-109).

Petitioner candidly admits the "Sixth Circuit has not considered the question of whether a motion to transfer is the functional equivalent to any of the motions listed in 28 U.S.C. § 636(b)(1)(A)(Objections, ECF No. 7, PageID 94).  But Petitioner does not mention any of the cases such as those cited above where the Sixth Circuit has accepted a transfer ordered by a Magistrate Judge without questioning that judicial officer's authority to enter the order.  If a Magistrate Judge did not have authority to enter the order, then the transfer would not be effective and then circuit court would not have jurisdiction, a question they would be bound to raise and answer *sua sponte*.  A federal court is further obliged to note lack of subject matter jurisdiction *sua sponte. Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908); *Capron v. Van Noorden*, 6 U.S. 126 (1804);  *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009); *Clark v. United States*, 764 F.3d 653 (6th Cir. 2014). "[E]very federal appellate court has a special obligation to 'satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review,' even though the parties are prepared to concede it." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541(1986), *quoting Mitchell v. Maurer*, 293 U.S. 237, 244 (1934).

Of course this Court accepts the authority of the circuit court to expand the statutory list of "dispositive" motions and obeys those decisions.  But in the absence of such a decision, there is no good jurisprudential reason for the District Courts to expand that list themselves.  The Magistrate Judge system was created to provide assistance to busy District Judges, particularly

with respect to prisoner cases.  Every time the list of dispositive motions is expanded, the utility of Magistrate Judges is decreased, particularly because of the *de novo* review requirements for dispositive motions.  Hence the circuit court has never created a general presumption against magistrate judge authority to decide motions and has proceeded in expanding the listing a careful ad hoc way (E.g., Magistrate Judges routinely **grant** motions to proceed *in forma pauperis*; only **denial** of such motions is considered dispositive.  *Woods v. Dahlberg*, *supra*.)

Fears argues transfer orders under the AEDPA should be classified as dispositive because they are the functional equivalent of a dismissal for lack of jurisdiction, claiming "[t]here  is no discernible difference between the dismissal of a lawsuit for lack of subject matter jurisdiction and the transfer of a habeas petition as second-or-successive." (Objections, ECF No. 7, PageID 95.)  To the contrary, there are many important and discernible differences.  First of all, dismissal for lack of subject matter jurisdiction is a final appealable order under 28 U.S.C. § 1291; a transfer order is not final.  Secondly, a transfer order does not embody a decision the district court lacks jurisdiction.  Rather, it recognizes that jurisdiction cannot be exercised without prior permission of the circuit court under 28 U.S.C. § 2244.

In sum, if the Sixth Circuit decides transfer questions are dispositive, this Court must obey.  But the circuit court has never intimated such a position and has accepted without raising that question dozens of transfer orders signed by Magistrate Judges.  There is no sound jurisprudential reason for this Court to anticipate such a decision and lessen further the utility of Magistrate Judges in managing habeas cases.

**Objection on the Merits**

Fears also objects to the Transfer Order on the merits, asserting his Petition is not second-or-successive (Objections, ECF No. 7, PageID 96-99). The arguments and authority cited there are dealt with in the Transfer Order itself.

Because the transfer has been docketed in the Sixth Circuit (Case No. 17-3042), this Court lacks jurisdiction to reconsider the transfer. *Jackson v. Sloan*, 800 F.3d 260 (6th Cir. 2015).

January 18, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge