IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION  AT COLUMBUS

ANGELO FEARS,

        Petitioner,       :      Case No. 2:17-cv-029

 - vs -                             District Judge Michael R. Barrett
                                     Magistrate Judge Michael R. Merz

CHARLOTTE JENKINS, Warden,

                                  :

        Respondent.

## SUPPLEMENTAL MEMORANDUM OPINION

This capital habeas corpus case is before the Court on Petitioner's Objections (ECF No. 9) to the Magistrate Judge's Order transferring this case to the Court of Appeals as a second-or-successive habeas application (ECF No. 6).  The Sixth Circuit has terminated the transfer as "prematurely docketed" so as to allow this Court to consider the Objections.  As permitted by Fed. R. Civ. P. 72, the Warden has filed a Response to those Objections (ECF No. 19).  With the consent of the Warden and court permission, Petitioner has filed a Reply to the Response (ECF Nos. 26).  Judge Barrett has recommitted the matter for reconsideration in light of the Objections (ECF No. 25).

**Magistrate Judge Authority/Standard of Review**

Petitioner's First Objection is that a decision to transfer a case to the circuit court as second-or-successive is a "dispositive" decision and that a Magistrate Judge therefore has no

1

authority to enter an order on the question, but must make a recommendation to a District Judge (Objections, ECF No. 9. PageID 107-11).

The Magistrate's Act at 28 U.S.C. § 636(b)(1)(A) precludes a Magistrate Judge from determining certain pretrial matters and those matters are called "dispositive" because they are "dispositive of a claim or defense of a party." *See, Vogel v. U.S. Office Products Company,* 258 F.3d 509, 514 (6th Cir. 2001), *citing* Fed.R.Civ.P. 72. The Sixth Circuit has decided the list of dispositive motions in 28 U.S.C. § 636(b)(1)(A) is nonexhaustive and Magistrate Judges also lack authority to decide analogous matters including Rule 11 claims for damages, *Bennett v. General Caster Service of N. Gordon Co., Inc.*, 976 F.2d 995 (6th Cir. 1992)(*per curiam*); denial of *in forma pauperis* motions, *Woods v. Dahlberg,* 894 F.2d 187 (6th Cir. 1990)(*per curiam*); or a Rule 37 order striking pleadings with prejudice, *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1463 (10th Cir. 1988), cited approvingly in *Bennett;* or a remand order, *Vogel v. U.S. Office Products Co.*, 258 F.3d 509 (6th Cir. 2001).

In determining whether a particular motion is dispositive, the Sixth Circuit has undertaken a functional analysis of the motion's potential effect on litigation. *Vogel v. U.S. Office Products Company,* 258 F.3d 509, 514 (6th Cir. 2001), *citing* Fed.R.Civ.P. 72. The list of dispositive motions contained in § 636(b)(1)(A) is nonexhaustive, and unlisted motions that are functionally equivalent to those listed in § 636(b)(1)(A) are also dispositive. *Id.* (holding motions to remand are dispositive) and *citing, Callier v. Gray*, 167 F.3d 977, 981 (6th Cir. 1999)(holding that a motion for default judgment is dispositive because it is "substantially similar to several of the listed motions"); *Vitols v. Citizens Banking Co.,* 984 F.2d 168, 169-70 (6th Cir. 1993)(holding that a motion to certify a district court order for interlocutory appeal is dispositive); *Bennett, supra.*(holding that a motion for Rule 11 sanctions is dispositive); *United States Fid. & Guar.*

*Co. v. Thomas Solvent Co.,* 955 F.2d 1085 (6th Cir. 1992)(holding that because a motion to realign parties would either destroy or preserve diversity jurisdiction, motions to realign are dispositive); *Woods v. Dahlberg,* 894 F.2d 187 (6th Cir. 1990)(holding that an order denying a motion to proceed in forma pauperis is dispositive because it is the functional equivalent of an involuntary dismissal).

Petitioner urges this Court to decide that decisions to transfer second-or-successive habeas applications are functionally equivalent to dismissing a case for lack of jurisdiction and is therefore actually dispositive (Objections, ECF No. 9, PageID 108). Petitioner admits that the Sixth Circuit has not considered this question. *Id*. at 109. This is somewhat overstated. The Sixth Circuit has received many transfer orders entered by the undersigned and has never questioned the authority of a Magistrate Judge to enter such an order. *See In re Kenneth Smith,* 690 F.3d 809 (6th Cir. 2012); *In re Sheppard,* 2012 U.S. App. LEXIS 13709 (6th Cir. May 25, 2012). Because the circuit court would not have appellate jurisdiction over an appeal from a Magistrate Judge's report and recommendations on a dispositive motion, one would expect the circuit court, if it agreed with Petitioner's position, to remand the case for lack of appellate jurisdiction. Instead, the circuit court has proceeded to decide the merits of the transfer.

In any event, Petitioner concedes the Sixth Circuit has not decided the question, that this Court has generally treated transfer questions as nondispositive, but that the Northern District has "generally treated motions to transfer as dispositive." (Objections, ECF No. 9, PageID 109, citing *Keith v. LaRose*, 2014 WL 1369655 (N.D. Ohio Mar. 28, 2014), and *Roberts v. Gansheimer,* 2011 WL 7637550 (N.D. Ohio Dec. 21, 2011)). Neither opinion discusses the functional equivalence question, but instead, as Petitioner says, "treats" the question as if it were dispositive without discussion. Judge Helmick's decision in *Keith* expressly says the motion to

3

transfer was referred to Magistrate Judge Burke for a report and recommendation. A Magistrate Judge is unlikely to respond to such a referral by telling the District Judge she has decided to render a decision instead of giving the requested report.

Performing the functional analysis, one can see analogies between the transfer question and other non-statutory matters found to be dispositive. For example, an order certifying a question for interlocutory appeal moves a case from the district court to the circuit court and has been held to be a functional equivalent even though it does not dispose of a claim. *See Vitols*, *supra*. Similarly, an order remanding a removed case to state court does not "dispose" of a claim, but moves it to a different court and has been held to be dispositive. *See Vogel*, *supra*. On the other hand, a transfer of venue under 28 U.S.C. 1404 changes the forum but has not been held to be dispositive. Intrastate transfers of venue in habeas corpus cases under 28 U.S.C. § 2241(d) happen frequently and are often done *sua sponte* by Magistrate Judges.

Petitioner claims a transfer is functionally equivalent to a dismissal for lack of jurisdiction. Not so. Rather, it makes a determination that there is a prerequisite to exercise of jurisdiction, to wit, permission from the circuit court. A district court lacks jurisdiction to consider a second-or-successive petition without approval by the circuit court. *Franklin v. Jenkins*, 839 F.3d 465(6th Cir. 2016); *Burton v. Stewart*, 549 U.S. 147 (2007). A transfer order does not dismiss a case for lack of jurisdiction, but delays exercise of jurisdiction until that prerequisite is met.

Entirely apart from the question of Magistrate Judge authority to enter a transfer order is the standard of review on that order. The Magistrate Judge agrees with Petitioner that the standard of review is de novo because the question whether a second-in-time petition is also second-or-successive is a pure question of law to which the "contrary to law" standard applies,

4

regardless of whether the Magistrate Judge filing is dispositive or non-dispositive.

In sum, the Magistrate Judge urges the District Court to rule expressly that transfer questions are not functionally equivalent to motions to dismiss for lack of jurisdiction and are therefore within the Magistrate Judge's decisional authority in the first instance.  Chief Judge Sargus has followed this course in deciding that a Magistrate Judge has decisional authority, subject to de novo review, on a Fed. R. Civ. P. 15 motion to amend a capital habeas petition, despite a parallel "functional equivalent" argument such as is made here.  *Monroe v. Houk*, No. 2:07-cv-258, 2016 U.S. Dist. LEXIS 38999 at *2-3 (S.D. Ohio, Mar. 23, 2016)(Sargus, C.J

**Second or Successive Habeas Application**

The Transfer Order found first that the instant habeas petition was "second-in-time," noting that it attacks the same judgment and death sentence adjudicated in Case No. 1:01-cv-183 which became final when the Sixth Circuit mandate issued October 11, 2012 (Order, ECF No. 6, PageID 84-85).  Petitioner does not quarrel with that finding, but argues the Petition is not second-or-successive because the two grounds for relief pleaded in the Petition, based as they are on *Hurst v. Florida*, 577 U.S. ___, 136 S. Ct. 616 (2016), could not have been raised before that case was decided (Objections, ECF No. 9, PageID 112).

The Transfer Order agreed these claims could not have been raised in the original case and therefore they were not "withheld" in abuse of the writ when the first case was filed. Petitioner argues in the Objections as he did in the Petition itself (and as his counsel have argued in other capital cases) that "[t]o determine whether a petition is second-or-successive, courts apply the abuse-of-the-writ doctrine." (Objections, ECF No. 9, PageID 112, *citing In re Bowen,*

436 F.3d 699 (6th Cir. 2006).  As noted in the Transfer Order, Petitioner's argument inverts the logic of *Bowen*.  *Bowen* essentially says that if a habeas application would have counted as an abuse of the writ before AEDPA, it will now count as second or successive.  But that does not logically imply the inverse: a second-in-time petition does not escape being second-or-successive by not being an abuse of the writ.  The AEDPA's bar on second-or-successive applications goes well beyond the prior law ban on abuse of the writ.

Fears' claims under *Hurst* do not escape the second-or-successive classifications by being based on newly-arising facts as in *Panetti v. Quarterman,* 551 U.S. 930 (2007).  Instead it is based on new law.  But it is also not like *Atkins v. Virginia,* 536 U.S. 304 (2002), where the Court recognized a new substantive constitutional right – the right not to be executed if one is intellectually disabled – that was applicable retroactively to cases on collateral review.  Applying the required analysis under *Teague v. Lane*, 489 U.S. 288 (1989), the right created by *Hurst* is a new procedural right not applicable to cases on collateral review unless or until the Supreme Court or the Sixth Circuit decides otherwise, which they have not.

The Magistrate Judge offers no opinion on Petitioner's argument in his Reply (ECF No. 26) that the procedure mandated by 28 U.S.C. § 2244(b)(2) "may be unconstitutional" under *Teague, supra*.  That argument is far beyond the scope of what the Warden argued in his Response and is not properly raised for the first time in a reply.

**Conclusion**

The Magistrate Judge recommends that Petitioner's Objections be overruled and this case be transferred to the Sixth Circuit as a second-or-successive habeas petition.

March 29, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge