IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

ANGELO FEARS,

        Petitioner,        :        Case No. 2:17-cv-029

  - vs -                       District Judge Michael R. Barrett
                             Magistrate Judge Michael R. Merz

CHARLOTTE JENKINS, Warden,

                                      :

        Respondent.

## ORDER

This case is before the Court on the Magistrate Judge's Order (Doc. 6) transferring this case to the United States Court of Appeals for the Sixth Circuit as a second-or-successive habeas application.

### I.     BACKGROUND

Petitioner was convicted in 1997 for aggravated murder, and the death sentence was imposed by the Court of Common Pleas of Hamilton County, Ohio. (Doc. 1; PageID# 6). As the Petition (Doc. 1) acknowledges, Fears previously attacked this judgment in a habeas corpus petition filed in this Court under Case No. 1:01-cv-183. The foregoing Petition was dismissed with prejudice on July 15, 2008. *Fears v. Bagley*, 462 Fed. Appx. 565, 2012 U.S. App. LEXIS 3295 (6th Cir. Feb. 16, 2012), *cert denied*, 133 S. Ct. 426 (2012). The mandate issued in that case on October 11, 2012, returning jurisdiction to this Court. Thus, the state court judgment remains final and unmodified.

On January 11, 2017, Fears filed the Petition that is currently before the Court. The Petition asserts grounds based on *Hurst v. Florida*, 136 S. Ct. 616 (2016) (Doc. 1). The magistrate judge concluded that Fears' petition was second or successive, and issued an order

transferring the case to the Sixth Circuit. (Doc. 6) The Parties filed objections and objection responses (Doc. 9; Doc. 19) to the magistrate judge's transfer order, and the undersigned recommitted the matter to the magistrate judge for further analysis. (Doc. 25) The magistrate judge filed a supplemental memorandum opinion (Doc. 27) on March 30, 2017. The Parties then submitted his supplemental objections and objection responses (Doc. 29; Doc. 30) to the supplemental memorandum opinion.

In each opinion, the magistrate judge recommended that this case be transferred to the Sixth Circuit as a second-or-successive habeas petition.

## II. ANALYSIS

First, Fears argues that the magistrate judge lacked authority to transfer his Petition to the Sixth Circuit, reasoning that a transfer order is "dispositive." Second, Fears argues that the Petition filed on January 11, 2017 is not second-or-successive, and thus not subject to the transfer requirement. The Court will address each objection in turn.

### A. Transfer Authority of the Magistrate Judge

The question of whether a transfer order is dispositive has been the subject of many recent objections to opinions of magistrate judges in the Southern District of Ohio, in which *habeas* petitioners argue that magistrate judges lack the authority to transfer second or successive petitions to the Sixth Circuit. However, the question need not be resolved in this case. The Court agrees with the magistrate judge (Doc. 27; PageID# 182) that, regardless of whether the transfer order is dispositive, Petitioner's objections involve questions of law that are subject to *de novo* review. *See also Tibbetts v. Warden*, 1:14-cv-602, 2017 U.S. Dist. LEXIS 83416, at *4 (S.D. Ohio May 30, 2017) (Dlott, J.); *Campbell v. Jenkins*, No. 2:15-cv-1702, 2017 U.S. Dist. LEXIS 130803, at *9 (S.D. Ohio Aug. 16, 2017) (Rice, J.).

Accordingly, the Court will undertake a *de novo* review of the remaining issues.

**B. The Transfer Requirement for Second or Successive Petitions**

Federal law generally gives habeas petitioners one chance to pursue their claims in federal court. *In re Stansell*, 828 F.3d 412, 413-414 (6th Cir. 2016). For petitions filed after the first one – called "second or successive" petitions, per the language of the statute – applicants must overcome strict limits before federal courts will permit them to seek habeas relief. *Id.* (citing 28 U.S.C. § 2244(b)(3)(A)). "Indeed, district courts lack jurisdiction to deal with such cases without circuit court permission." *Tibbetts v. Warden*, *Chillicothe Corr. Inst.*, 2017 U.S. Dist. LEXIS 51968, *12, 2017 WL 1247792 (citing *Franklin v. Jenkins*, 839 F.3d 465(6th Cir. 2016); *Burton v. Stewart*, 549 U.S. 147, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007)).

The determination of whether a habeas application is second or successive is committed to the District Court in the first instance. *In re: Kenneth Smith*, 690 F.3d 809 (6th Cir. 2012); *In re Sheppard*, 2012 U.S. App. LEXIS 13709 (6th Cir. May 25, 2012). If the district court determines that the petition is second or successive, then the district court must transfer it to the Sixth Circuit, which will undertake an analysis of whether the petition may proceed. "Because district courts have no jurisdiction to consider the merits of a second-or-successive habeas application, they risk serious waste of time and effort if they accept a petition and the court of appeals later concludes they had no jurisdiction to consider it." *Tibbetts*, 2017 U.S. Dist. LEXIS 83416, *7. In other words, this Court, and the litigants, risk wasting significant resources if this Court improvidently accepts jurisdiction over the Petition. With this caution in mind, the Court turns to the question of whether the Petition is "second-or-successive."

The abuse of writ doctrine governs whether a petition is "second-or-successive." "Under the abuse of the writ doctrine, a numerically second petition is 'second' when it raises a claim

3

that could have been raised in the first petition but was not so raised, either due to deliberate abandonment or inexcusable neglect." *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006). Here, there is no dispute that Fears' first petition was filed in 1997, and dismissed in 2008. The Petition now before the Court was filed in 2017. However, Fears argues that this case is not second-or-successive because it asserts claims that could not have been raised earlier, because it is based on a factual predicate (*i.e.*, the Supreme Court's decision in *Hurst*) that did not exist at the time of his first petition. This argument fails.

Petitioner is attempting to treat the Supreme Court's decision in *Hurst* as a new "factual predicate" that did not exist when his original habeas petition was filed. Analyzing the second-or-successive rule in conjunction with its exceptions defined in 28 U.S.C. § 2244, the Sixth Circuit has rejected the approach for which Petitioner advocates: "What the exception *cannot* mean is what Coley claims it means: that a petition is not second or successive whenever it relies on a rule that did not exist when the petitioner filed his first petition." *In re Coley*, 871 F.3d 455, 457-58 (6th Cir. 2017) (finding Petition based on *Hurst* to be second or successive; denying motion to remand). The Sixth Circuit reasoned that such an approach would render superfluous the exceptions to the rule that "second or successive" be dismissed, which exceptions are reflected in 28 U.S.C. § 2244. *Id.*[1] Furthermore, "[i]t cannot be that every new legal rule,

---

[1] Petitioner also argues that, should this Court deem the Petition second-or-successive, such a result forces Petitioner to proceed under 28 U.S.C. § 2244(b). According to Petitioner, "§2244(b) cannot be constitutionally applied to Fears' case." (Doc. 29; PageID# 216). "As a result, the Court should not transfer Fears' petition to the Sixth Circuit as a second-or-successive petition but allow Fears' petition to remain in the district court . . . to avoid this constitutional problem." (*Id.*) However, even if § 2244(b) were unconstitutional, the Court is not persuaded that the proper course is to redefine a second-or-successive petition as not second-or-successive. Regardless, this Court agrees with the Magistrate Judge that Petitioner's argument goes "far beyond the scope of what the Warden argued in his Response and is not properly raised for the first time in a reply." (Doc. 27; PageID# 184). Petitioner wholly ignores the foregoing conclusion of the Magistrate Judge in his supplemental objections (Doc. 29).

4

including those not made retroactive on collateral review, also constitutes a new factual predicate." *In re Coley*, 871 F.3d 455, 458 (6th Cir. 2017).

Accordingly, reliance on *Hurst* is insufficient to avoid classification as a "second-or-successive" petition. Having found the Petition to be second or successive, the district court is required to transfer the Petition to the Sixth Circuit.

### III. CONCLUSION

Therefore, consistent with the above, the Court **OVERRULES** Fears' objections (Doc. 9; Doc. 29) and **TRANSFERS** this case to the United States Court of Appeals for the Sixth Circuit.

    s/ *Michael R. Barrett*
Hon. Michael R. Barrett
United States District Judge